IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BUTLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 08CV834 |
| | ) JUDGE NORGLE |
| MERRILL LYNCH BUSINESS | ) MAGISTRATE JUDGE ASHMAN |
| FINANCIAL SERVICES INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

Now Comes the Plaintiff, JAMES BUTLER, by and through his attorney, Nicole R. Connors, and complaining of the Defendant MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., states as follows:

### JURISDICTION

1. Plaintiff, James Butler ("Butler"), seeks redress for violation of the Family Medical Leave Act (FMLA) of 1993, (29 U.S.C. §2601, et seq.), also hereinafter referred to as "FMLA".

2. Jurisdiction of this court is provided by 28 U.S.C. §1331 and §1343 and 29 U.S.C. §2617(a)(2).

3. Defendant, MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., ("Merrill Lynch") is a corporation organized under the laws of the State of Delaware and is an "employer" for purposes of the FMLA because it engaged in commerce or any industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks.

4.  Butler is an "eligible employee" for purposes of the FMLA because he was an employee who had been employed for at least 12 months and for at least 1,250 hours of service during the previous 12-month period prior to the violation of the FMLA.

5.  Venue for this action is appropriate under 28 U.S.C. §1391(b) because Merrill Lynch does business within this district.

## PARTIES

6.  Butler is a resident of the State of Illinois.

7.  Defendant, MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., is a corporation organized under the laws of the State of Delaware and doing business within the State of Illinois.

## BACKGROUND

8.  Butler commenced his employment with Merrill Lynch on May 1, 2006. Butler's most recent assignment was in the Commercial Lending Group.

9.  Butler's position at the time of his termination was Vice President and Credit Relationship Officer.

10. In June 2007, Butler's wife was diagnosed with a mental illness and was subsequently hospitalized.

11. Butler took a FMLA leave from June 2, 2007 to July 16, 2007 in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

12. On August 15, 2007, Butler received a mid-year evaluation which was based upon the performance figures of June 2007.

13. The figures used for Butler's mid-year evaluation directly corresponded to the

period of his FMLA leave.

14. On September 10, 2007, Butler was advised that he was being terminated based upon the poor performance reflected in his mid-year evaluation.

## COUNT I
## VIOLATION OF THE FMLA

15. Butler restates and realleges by reference paragraphs 1 through 13 as though fully set out herein.

16. Section 2612 (1)(D) of the FMLA provides:

> "Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one more of the following:...
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."
> 29 U.S.C. § 2612 (1)(D).

17. Pursuant to the FMLA, "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave–
(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. §2614(a)(1).

18. Butler notified his supervisors, of his wife's mental condition and hospitalization and requested medical leave in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

19. When Butler notified Merrill Lynch, through his supervisors, of the nature his wife's condition and requested medical leave, he was entitled to the leave under the provisions of the FMLA.

20. The defendant violated the provisions of the FMLA by terminating Butler's employment and by knowingly denying Butler's request to exercise his right to take a medical

leave pursuant to the leave provisions of the FMLA.

WHEREFORE, Plaintiff, James Butler, prays for the following relief against the Defendant:

- A. Reinstate him into his position or a comparable position or award him front pay as an alternative form of equitable relief;
- B. Award him an amount equal to the amount of his lost back pay;
- C. Award him liquidated damages as defined in the Act;
- D. Award him attorney's fees and costs;
- E. Prejudgment interest calculated at the prevailing rate; and
- F. Grant such other relief as this Court deems just and appropriate.

## COUNT II
## RETALIATION

21. Butler restates and realleges by reference paragraphs 1 through 13 as though fully set out herein.

22. Butler was an eligible employee under the FMLA and provided notice of his wife's mental condition and requested leave in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

23. Pursuant to the FMLA it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. §2615(a)(1).

24. Butler attempted to exercise his rights under the FMLA by informing his supervisors of the symptoms of his wife's serious mental condition and her need for immediate medical attention.

25. When Butler attempted to exercise his rights under the FMLA, Merrill Lynch terminated Butler's employment.

26. By terminating Butler's employment, Merrill Lynch retaliated and discriminated against Butler in violation of the Family Medical Leave Act, 29 U.S.C. §2615(a)(1).

WHEREFORE, Plaintiff, James Butler, prays for the following relief against Merrill Lynch:

    A.    Reinstate him into his position or a comparable position or award him front pay as an alternative form of equitable relief;
    B.    Award him an amount equal to the amount of his lost back pay;
    C.    Award him liquidated damages as defined in the Act;
    D.    Award him attorney's fees and costs;
    E.    Prejudgment interest calculated at the prevailing rate; and
    F.    Grant such other relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, by his attorney, demands trial by jury as to all issues triable by jury in this case.

By: _/s/ Nicole R. Connors_

One of Plaintiff's Attorneys

Nicole R. Connors
The Law Offices of Nicole R. Connors
516 N. Ogden, #191
Chicago, Illinois 60622
(312) 733-7300
(312) 276-4754 (facsimile)