IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BUTLER, | : |
| Plaintiff, | : NO: 3:08C0834 |
| vs. | : Hon. Charles R. Norgle, Sr. |
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | : Magistrate Judge Ashman |
| Defendant. | : |

**MERRILL LYNCH'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

When the employment of plaintiff James Butler ended with Merrill Lynch, he signed a severance agreement.  In exchange for valuable consideration that he received and retained, Butler agreed to release all claims (including FMLA claims) against Merrill Lynch in connection with his termination.  The FMLA regulations permit the waiver of retrospective FMLA claims – thus the release was not void.  Moreover, Butler ratified his knowing and voluntary waiver of FMLA claims in the *Agreement & Release* by retaining the benefits that he received in exchange for the release and by failing to tender back those benefits prior to filing his federal court complaint.  He is therefore precluded from arguing that the release is unenforceable.  No set of facts – alleged *or to be discovered* – will permit this cause of action to proceed.  As such, the complaint should be dismissed with prejudice.

**II.   FACTUAL BACKGROUND[1]**

Butler commenced his employment with Merrill Lynch on May 1, 2006.  Compl. ¶ 8.  After

---
[1] We assume for the sake of this motion that all facts alleged in the complaint are true.

one year with Merrill Lynch, Butler sought and obtained a leave of absence from June 2, 2007, to July 16, 2007, to assist with the medical care of his wife and to care for their daughter. Compl. ¶ 11. He returned to Merrill Lynch from his leave of absence in his full capacity on July 16, 2007. Id. Butler does not allege that he sought any other leave or that he was denied any other leave request.

On August 15, 2007, Butler received a mid-year evaluation. Compl. ¶ 12. On September 10, 2007, nearly two months after returning from his leave of absence, Butler's employment with Merrill Lynch was terminated. Compl. ¶ 14.

On September 11, 2007, the day after he was terminated, Butler executed an *Agreement & Release* that was counter-executed by Merrill Lynch on October 3, 2007. *Agreement & Release* at p. 3; DeFazio Declaration ¶ 2. In the *Agreement & Release* Butler expressly "release[d] and discharge[d] Merrill Lynch . . . from any and all actions, causes of actions, claims, or charges known or unknown arising out of [Butler's] employment and/or termination of employment, including . . . violations of . . . the Family and Medical Leave Act." *Agreement & Release* ¶ 6(a). He subsequently received all of the benefits promised to him by Merrill Lynch under the *Agreement & Release*, including 12 weeks of salary, a $1,500 lump-sum payment, and continuation of certain benefits coverage. DeFazio Declaration ¶ 3. He has not returned these benefits, nor was he otherwise entitled to these benefits. See Agreement ¶ 2(a) and (c); DeFazio Declaration ¶¶ 4, 5. Despite the provisions contained in the *Agreement & Release*, and Butler's retention of valuable consideration, on February 8, 2008, Butler commenced this action seeking relief under the FMLA.

### III. LEGAL REASONING

#### A. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R.

Civ. P. 12(b)(6).  The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).  A complaint should be dismissed pursuant to Rule 12(b)(6) when it is apparent from the face of the complaint that under no plausible facts may relief be granted.  St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007)).

If, on a 12(b)(6) motion to dismiss, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."  Fed. R. Civ. P. 12(b).  A movant is entitled to judgment as a matter of law under Rule 56 where, as here, no genuine issue as to any material fact exists.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-32 (1986).  Butler released all claims against Merrill Lynch, and *any* argument by Butler that the release of his FMLA claims is void and unenforceable fails as a matter of law.

B.  **BUTLER'S CLAIMS ARE BARRED BY THE** *AGREEMENT & RELEASE*

It is beyond dispute that Butler released his claims against Merrill Lynch when he signed the *Agreement & Release*. The *Agreement & Release* is governed by New York law. *Agreement & Release* ¶ 14. Nonetheless, under both New York and Illinois law, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release." C'3 Media & Mktg. Group, LLC v. FirstGate Internet, Inc., 419 F. Supp. 2d 419, 429 (S.D.N.Y. 2005) (citing Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)); Hurd v. Wildman, Harrold, Allen & Dixon, 707 N.E.2d 609 (Ill. App. 1999) (dismissing complaint where plaintiff executed a general release of claims).[2] The waiver of retrospective FMLA claims is permitted, and Butler – by accepting and retaining consideration in exchange for the release – has waived any argument that the release was not knowing and voluntary and therefore invalid. As such, the Complaint should be dismissed with prejudice.

C.  **THE RELEASE IS VALID AND ENFORCEABLE UNDER THE FMLA AND ITS REGULATIONS**

Nothing in the language of the FMLA precludes parties from waiving a retrospective claim under the FMLA. Likewise, the Department of Labor ("DOL"), which is charged with enforcing the FMLA, has not limited parties' ability to retrospectively release claims. Rather, the DOL has issued regulations which provide, in pertinent part, that "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d). Although a minority of courts considering the language of the regulations have held that it bars release and settlement of FMLA claims,[3] the majority of courts and the DOL itself have concluded

---

[2] This motion is akin to a motion to dismiss pursuant to § 2-619 of the Illinois Code of Civil Procedure, which provides for the dismissal of an action (as was done in Hurd) where "the claim set forth in the plaintiff's pleading has been released . . . ." 735 ILCS 5/2-619(a)(6).

[3] Butler presumably filed the instant action despite the fact that he released Merrill Lynch from all claims under the FMLA because the Fourth Circuit in Taylor v. Progressive Energy, Inc., 415 F.3d 364 (4th Cir. 2005) ("Taylor I"),

that neither the FMLA nor the DOL regulations forbid retrospective waiver of FMLA claims. Accordingly, this Court should enforce the *Agreement & Release*.

> **1.    The Plain Language of the FMLA Regulations Permits the Release of Retrospective FMLA Claims.**

The DOL recently filed *amicus* briefs with at least two courts[4] setting forth its position that parties may waive retrospective FMLA claims and that section 825.220(d) does not prohibit the release of retrospective FMLA claims. The DOL has also issued proposed changes to the FMLA regulations that will clarify its position in the regulations themselves. Proposed Rule, 73 Fed. Reg. 7901 (Feb. 11, 2008) (to be codified at 29 C.F.R. 825). However, even before the DOL articulated its position regarding the interpretation of section 825.220(d), the Fifth Circuit held – based on the language of the regulation itself – that section 825 does not prohibit the release of retrospective FMLA claims.

In Faris v. Williams WPC-I Inc., the Fifth Circuit held that section 825.220(d) bars waiver only of prospective, substantive FMLA rights (such as rights to leave, reinstatement, etc.). 332 F.3d 316, 321 (5th Cir. 2003). Procedural rights, such as the right to sue, are not "rights" within the meaning of the FMLA and, therefore, may be waived. Id. at 321. Thus employers may obtain a release of an employee's right to sue for past discrimination or retaliation under the FMLA. The Fifth Circuit looked at the regulations as a whole and noted that several factors support this interpretation:

---

*vacated*, 2006 U.S. App. LEXIS 15744 (June 14, 2006), *reinstated after rehearing*, 493 F.3d 454 (July 3, 2007) ("Taylor II"), *petition for cert. filed*, 75 U.S.L.W. 3226 (Oct. 22, 2007) (No. 07-0539), and a limited number of district courts, have held that section 825.220(d) prohibits the waiver of retrospective FMLA claims. As discussed herein, these courts construed this regulation in a manner contrary to the DOL's interpretation, to which this court owes significant deference, and contrary to other courts that have been asked to interpret section 825.220(d). Moreover, on February 11, 2008, in response to Taylor II, the DOL issued proposed changes to the FMLA regulations that clarify that the waiver/release of retrospective claims is not prohibited.

[4] Taylor II, 493 F.3d 454 (4th Cir. July 3, 2007) and Dougherty v. Teva Pharmaceuticals USA, Inc., No. 05-2336, 2007 U.S. Dist. LEXIS 27200 (E.D. Pa. Apr. 9, 2007).

> ➢ The statute and regulation consistently use the term "rights under the law" or "rights under FMLA" to refer to the statutory rights to leave, conditions of leave, and restoration;
>
> ➢ The regulation never refers to the cause of action for damages as a right under the FMLA; and
>
> ➢ The regulation begins with the title "How are employees protected who request leave or otherwise assert FMLA rights" and goes on to describe how FMLA rights are protected, never describing a cause of action as an FMLA right itself.

Id. at 320-321.  It also reasoned that subsection (d) must be read in conjunction with the heading to which it responds which describes protections for employees who "request leave or otherwise assert FMLA rights."  As such, the waiver of rights is limited to those rights considered in the heading.  Id. at 321.  The court also concluded that its reading of the regulation is bolstered by the public policy favoring the enforcement of waivers and the fact that similar waivers are allowed in other regulatory contexts such as Title VII and the ADEA.  Id.  This Court similarly has authority, under the plain language of the regulation itself, to preclude Butler's claims.  The Court need not, however, rely on the language alone.  The DOL also interprets the regulations to permit the retrospective waiver of FMLA claims.

    **2.  The Department of Labor Interprets the FMLA Regulations to Permit the Release of Retrospective FMLA Claims.**

  The Fourth Circuit is the only circuit court that has held that section 825.220(d) prohibits the waiver of retrospective claims under the FMLA.  In Taylor v. Progressive Energy, Inc., the Fourth Circuit held that section 825.220(d) precludes waivers of FMLA CLAIMS absent approval from the DOL or a court.  415 F.3d 364, 371 (4th Cir. 2005) ("Taylor I").  The defendant filed a petition for re-hearing en banc, in which the DOL participated.  Although the DOL filed an *amicus* brief with the Fourth Circuit explaining that it had consistently interpreted section 825.220(d) to

bar only the *prospective* waiver of FMLA rights,[5] the Fourth Circuit nonetheless reinstated its vacated holding in Taylor I, choosing to rely instead upon its own interpretation of the language. 493 F.3d 454, 463 (4th Cir. July 3, 2007) ("Taylor II"), *petition for cert. filed*, 75 U.S.L.W. 3226 (Oct. 22, 2007) (No. 07-0539).

The Fourth Circuit stands alone in ignoring the DOL's position in Taylor II.[6] For example, in Dougherty v. Teva Pharmaceuticals USA, Inc. ("Dougherty I"), the District Court initially followed Taylor I, and held that employees may not waive claims under the FMLA. No. 05-2336, 2006 U.S. Dist. LEXIS 62179 (E.D. Pa. Aug. 29, 2006). However, when the defendant moved for reconsideration in light of the *amicus* brief filed by the DOL in Taylor II, the court vacated its first decision and held that section 825.220(d) does not prevent an employee from waiving and/or settling claims for past violations of the FMLA. Dougherty v. Teva Pharmaceuticals USA, Inc. ("Dougherty II"), No. 05-2336, 2007 U.S. Dist. LEXIS 27200, * 26, 28 (E.D. Pa. Apr. 9, 2007), complaint dismissed at, 2008 U.S. Dist. LEXIS 13255 (Feb. 20, 2008). The court reasoned that it was bound under Chevron, USA, Inc. v. Natural Resources Defense Council, Inc., to give deference to the DOL's interpretation of its own regulations. Id. at *26 (citing 467 U.S. 837 (U.S. 1984)).[7]

In Hicks v. John F. Murphy Homes, Inc., defendant, fearing that plaintiff – in light of the holding in Taylor II – might argue the release of his FMLA claims was invalid, sought court

---

[5] See Taylor II, 493 F.3d at 456 referencing Brief for the Secretary of Labor as *Amicus Curie* in Support of Defendant-Appellee's Petition for Rehearing En Banc.

[6] It should be noted that in an opinion issued several years prior to Faris and Taylor I, Judge Leinenweber relied on the holding of a single district court from the Fifth Circuit that held that a waiver of FMLA rights contained in a separation agreement was unenforceable. Dierlam v. Wesley Jessen Corp., 222 F. Supp. 2d 1052, 1055-56 (N.D. Ill. 2002). The Dierlam decision should be afforded no weight in this matter as subsequent decisions have had the opportunity to far more thoroughly examine the waiver provision of 29 C.F.R. § 825.220(d), and its holding stands in contrast to the DOL's interpretation of this regulation.

[7] The DOL also filed an *amicus* brief with the Eastern District of Pennsylvania, again confirming its position that section 825.220(d) does not prohibit the waiver of *retrospective* FMLA claims. Dougherty II, 2007 U.S. Dist. LEXIS 27200, at *11 n.12.

approval of the settlement agreement. No. 07-CV-121, 2008 U.S. Dist. LEXIS 5914 (D. Me. Jan. 25, 2008). The district court denied defendant's request as unnecessary, reasoning that Taylor was not binding in the First Circuit, and that the Fourth's Circuit's interpretation of section 825.220(d) was contrary to the DOL's interpretation. Id. at *2-3. The court further opined that, if asked to decide the issue, it would adopt the interpretation found in Faris and Dougherty, which, it noted, was the same interpretation advanced by the DOL. Id. at *1-2.

On February 11, 2008, in response to the Taylor II decision, the DOL issued proposed changes to section 825.220(d) to clarify its position. The proposed changes provide:

> In the interest of clarity [] the Department proposes to make explicit [in this paragraph] that ***employees and employers should be permitted to voluntarily agree to the settlement of past claims*** without having to first obtain the permission or approval of the Department or a court. The Department does not believe this is a change in the law as it has never been the Department's practice, since the enactment of the FMLA, to supervise such voluntary settlements.

The Family and Medical Leave Act of 1993; Proposed Rule, 73 Fed. Reg. 7901 (Feb. 11, 2008) (to be codified at 29 C.F.R. 825) (emphasis added).

### 3. This Court Must Defer to the Department of Labor's Interpretation of its Own Regulations

Under Chevron, when a court reviews an agency's construction of a statute that it administers, it faces two questions: (1) is the intent of congress clear, and if not; (2) is the agency's interpretation based on a permissible construction of the statute. 467 U.S. at 842-843.

Courts do not determine whether the DOL's interpretation is correct or whether another interpretation is preferable. Rather, it must only determine whether the DOL reasonably interpreted the FMLA through section 825.220(d). If so, the court must defer to that interpretation. Id. at 843-44; United States v. Genendo Pharm., N.V., 485 F.3d 958, 963 (7th Cir. 2007); Sommer v. Vanguard Group, 461 F.3d 397, 399 n.2 (3d Cir. 2006).

In this instance, the intent of congress is not clear, and thus this court must only determine

whether the DOL's position is based on a *permissible* construction of the statute. In Dougherty II, the court, first noted that the fact that the DOL's interpretation came in the form of a legal brief afforded it no less deference, 2007 U.S. Dist. LEXIS 27200, at *13 n.14. The court then engaged in a Chevron analysis. Id. at *15. The court concluded first that section 825.220(d) does not, by its very terms, prohibit an employee from waiving past FMLA claims as part of a settlement, and second that the DOL's interpretation was reasonable and therefore entitled to deference. Id. at *26-27.

In concluding that section 825 does not prohibit the waiver of retrospective claims, the Dougherty court focused on the phrase "rights under the FMLA," concluding that past or accrued FMLA claims are no longer "rights under the FMLA" and therefore can be waived. Id. at *24. It reasoned that accrued FMLA claims were no longer "rights under the FMLA" because an employee's decision to bring a claim for a past FMLA violation is both discretionary and predicated upon an FMLA violation. Id. As such, it is no longer a "right under the FMLA" within the meaning of 825.220(d). Id. The Court explained:

> So by settling a past FMLA claim, the employee still retains all of her substantive rights and remedies (proscriptive rights) under the FMLA. After a settlement, an employer cannot, for example, deny her of [sic] FMLA leave. And if it does, the employee always has a remedy (proscriptive rights) under the FMLA to challenge the action. Entering into a settlement or severance agreement therefore doesn't change anything for the employee in terms of rights under the FMLA--she still retains all of them.

Id. at *24-25.

The Dougherty court concluded that the DOL's position was reasonable after noting (as did the Fifth Circuit in Faris) that the retrospective waiver of other federal employment claims (such as Title VII and the ADEA) is permitted, and that it is not unreasonable for the DOL to elect to treat

the settlement of FMLA claims as being no different.  Id. at *26.[8]

### D. BUTLER RATIFIED THE *AGREEMENT & RELEASE* THEREBY PRECLUDING AS A MATTER OF LAW ANY ASSERTION THAT THE RELEASE IS OTHERWISE INVALID.

Butler cannot defeat this motion by claiming that his waiver of rights was not knowing and voluntary.  When, as here, the plaintiff releases his employer from claims arising from his termination in exchange for valuable consideration, accepts the consideration and fails to tender back the consideration prior to filing suit, his claims are barred by the doctrine of ratification *irrespective* of the validity of the release.  The doctrine of ratification provides that a party, after discovering a defect in the original release, makes an otherwise voidable release binding either explicitly or by failing timely to return the consideration received.  RESTATEMENT (SECOND) OF CONTRACTS § 7, cmts. d, e (1979); 1 E. Farnsworth, Farnsworth on Contracts § 4.15 (1990); § 4.19.

In addition, the tender back doctrine requires, as a condition precedent to suit, that a plaintiff return the consideration received in exchange for a release, on the theory that it is inconsistent to bring suit against the defendant while at the same time retaining the consideration received in exchange for a promise not to bring such a suit.  Buffum v. Peter Barceloux, 289 U.S. 227, 234 (1933).

Butler both accepted and retained the consideration that he was provided in exchange for the release, and has therefore ratified it irrespective of any alleged defect.  Moreover, he filed suit prior to tendering back the consideration he received.  He is therefore precluded from making any additional assertion of invalidity.  See, e.g., Faris, 332 F.3d at 322 (dismissing FMLA claims as a matter of law after holding that Faris's retention of the payment for her release precluded her from

---

[8] No reason warrants different treatment of FMLA claims in this regard.  Indeed, several courts have approved the validity of private settlements of FMLA claims without referring to the regulation.  See Halvorson v. Boy Scouts of America, 215 F.3d 1326 (6th Cir. 2000) (unpublished table decision); Schoenwald v. Arco Alaska, Inc., No. 98-35195, 1999 U.S. App. LEXIS 20955, at * 2 (9th Cir. Aug. 30, 1999); Kujawski v. U.S. Filter Wastewater Group, Inc., No. 00-1151, 2001 U.S. Dist. LEXIS 17578 (D. Minn. Aug. 7, 2001).

arguing that the release was unenforceable due to misrepresentation or duress); Schoenwald, 1999 U.S. App. LEXIS 20955, at * 6-7 (affirming summary judgment for employer on all claims, including FMLA claims, despite plaintiff's argument that the release was executed under duress, where plaintiff accepted money in exchange for a release). See also, Tung v. Texaco, 150 F.3d 206 (2nd Cir. 1998) (affirming summary judgment in favor of employer on Title VII claim where plaintiff accepted money in exchange for release); Davis v. Eastman Kodak Co., No. 04-CV-6098, 2007 U.S. Dist. LEXIS 23193 (W.D.N.Y. March 29, 2007) (granting summary judgment for employer where plaintiff accepted consideration in exchange for release); Reid v. IBM Corporation, No. 95 Civ. 1755, 1997 U.S. Dist. LEXIS 8905 (S.D.N.Y. June 26, 1997) (same); Maguire v. Micromex North Am., Inc., No. 97-C-2095, 1998 U.S. Dist. LEXIS 9687, at *3 (N.D. Ill. June 24, 1998) (applying Illinois law and finding that alleged defective release due to duress and fraud was ratified by failure to tender back consideration); Hurd, 707 N.E.2d at 616 (holding under Illinois law that retention of consideration precluded argument that release was signed under duress). As with all of these plaintiffs, Butler ratified the release and cannot now be heard to claim that the release was not knowing and voluntary.

## IV. CONCLUSION

For the reasons set forth above, Merrill Lynch respectfully requests that the Court grant Merrill Lynch's Motion to Dismiss, or in the Alternative, for Summary Judgment and dismiss Butler's Complaint with prejudice.

Date: May 8, 2008        Respectfully submitted,

MERRILL LYNCH COMMERCIAL FINANCE CORP.

By:   /s/ Peter E. Cooper
          One of Its Attorneys

Peter E. Cooper, Esq.
(ARDC No. 6218794)
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL  60606
Tel.: (312) 372-1947
Fax: (312) 372-2389
pcooper@lksu.com

Of counsel:
Michael J. Fortunato
Julianne L. Peck
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA  19301
Tel.: (610) 408-2005
Fax: (610) 854-4305
mfortunato@rubinfortunato.com

Attorneys for Defendant
Merrill Lynch Commercial Finance Corp.
Successor-in-Interest to Merrill Lynch Business Financial Services Inc.