**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES BUTLER,** | : | |
| | : | **NO: 3:08C0834** |
| **Plaintiff,** | : | |
| **vs.** | : | **Hon. Charles R. Norgle, Sr.** |
| | : | |
| **MERRILL LYNCH BUSINESS** | : | **Magistrate Judge Ashman** |
| **FINANCIAL SERVICES, INC.** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**EXHIBITS A-B TO**
**MERRILL LYNCH'S STATEMENT OF UNCONTESTED**
**FACTS PURSUANT TO LOCAL RULE 56.1**

Peter E. Cooper, Esq.
(ARDC No. 6218794)
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL  60606
Tel.: (312) 372-1947
Fax: (312) 372-2389
pcooper@lksu.com

Of counsel:
Michael J. Fortunato
Julianne L. Peck
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA  19301
Tel.: (610) 408-2005
Fax: (610) 854-4305
mfortunato@rubinfortunato.com

Attorneys for Defendant
Merrill Lynch Commercial Finance Corp.
Successor-in-Interest to Merrill Lynch Business Financial Services Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES BUTLER                          )
                                      )
            Plaintiff,                )
                                      )    No.  08C  0834
      v.                              )
                                      )    JUDGE NORGLE
MERRILL LYNCH BUSINESS                )
                                      )    RECEIVED
FINANCIAL SERVICES INC.,              )
                                      )
            Defendant.                )  MAGISTRATE JUDGE ASHMAN FEB 08 2008
                                      )

**COMPLAINT AT LAW**                       MICHAEL W. DOBBINS
                                           CLERK, U.S. DISTRICT COURT

Now Comes the Plaintiff, JAMES BUTLER, by and through his attorney, Nicole R.

Connors, and complaining of the Defendant MERRILL LYNCH BUSINESS FINANCIAL

SERVICES INC., states as follows:

**JURISDICTION**

1.    Plaintiff, James Butler ("Butler"), seeks redress for violation of the Family

Medical Leave Act (FMLA) of 1993, (29 U.S.C. §2601, et seq.), also hereinafter referred to as

"FMLA".

2.    Jurisdiction of this court is provided by 28 U.S.C. §1331 and §1343 and 29 U.S.C.

§2617(a)(2).

3.    Defendant, MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.,

("Merrill Lynch") is a corporation organized under the laws of the State of Delaware and is an

"employer" for purposes of the FMLA because it engaged in commerce or any industry or

activity affecting commerce and employed 50 or more employees for each working day during

each of 20 or more calendar work weeks.

4.      Butler is an "eligible employee" for purposes of the FMLA because he was an employee who had been employed for at least 12 months and for at least 1,250 hours of service during the previous 12-month period prior to the violation of the FMLA.

5.      Venue for this action is appropriate under 28 U.S.C. §1391(b) because Merrill Lynch does business within this district.

## PARTIES

6.      Butler is a resident of the State of Illinois.

7.      Defendant, MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., is a corporation organized under the laws of the State of Delaware and doing business within the State of Illinois.

## BACKGROUND

8.      Butler commenced his employment with Merrill Lynch on May 1, 2006. Butler's most recent assignment was in the Commercial Lending Group.

9.      Butler's position at the time of his termination was Vice President and Credit Relationship Officer.

10.     In June 2007, Butler's wife was diagnosed with a mental illness and was subsequently hospitalized.

11.     Butler took a FMLA leave from June 2, 2007 to July 16, 2007 in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

12.     On August 15, 2007, Butler received a mid-year evaluation which was based upon the performance figures of June 2007.

13.     The figures used for Butler's mid-year evaluation directly corresponded to the

period of his FMLA leave.

14.    On September 10, 2007, Butler was advised that he was being terminated based upon the poor performance reflected in his mid-year evaluation.

## COUNT I
## VIOLATION OF THE FMLA

15.    Butler restates and realleges by reference paragraphs 1 through 13 as though fully set out herein.

16.    Section 2612 (1)(D) of the FMLA provides:

"Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one more of the following:...
(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."
29 U.S.C. § 2612 (1)(D).

17.    Pursuant to the FMLA, "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave—
(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. §2614(a)(1).

18.    Butler notified his supervisors, of his wife's mental condition and hospitalization and requested medical leave in order to  assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

19.    When Butler notified Merrill Lynch, through his supervisors, of the nature his wife's condition and requested medical leave, he was entitled to the leave under the provisions of the FMLA.

20.    The defendant violated the provisions of the FMLA by terminating Butler's employment and by knowingly denying Butler's request to exercise his right to take a medical

leave pursuant to the leave provisions of the FMLA.

WHEREFORE, Plaintiff, James Butler, prays for the following relief against the Defendant:

A. Reinstate him into his position or a comparable position or award him front pay as an alternative form of equitable relief;
B. Award him an amount equal to the amount of his lost back pay;
C. Award him liquidated damages as defined in the Act;
D. Award him attorney's fees and costs;
E. Prejudgment interest calculated at the prevailing rate; and
F. Grant such other relief as this Court deems just and appropriate.

## COUNT II
## RETALIATION

21.     Butler restates and realleges by reference paragraphs 1 through 13 as though fully set out herein.

22.     Butler was an eligible employee under the FMLA and provided notice of his wife's mental condition and requested leave in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

23.     Pursuant to the FMLA it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. §2615(a)(1).

24.     Butler attempted to exercise his rights under the FMLA by informing his supervisors of the symptoms of his wife's serious mental condition and her need for immediate medical attention.

25.     When Butler attempted to exercise his rights under the FMLA, Merrill Lynch terminated Butler's employment.

26.     By terminating Butler's employment, Merrill Lynch retaliated and discriminated against Butler in violation of the Family Medical Leave Act, 29 U.S.C. §2615(a)(1).

WHEREFORE, Plaintiff, James Butler, prays for the following relief against Merrill Lynch:

A.   Reinstate him into his position or a comparable position or award him front pay as an alternative form of equitable relief;

B.   Award him an amount equal to the amount of his lost back pay;

C.   Award him liquidated damages as defined in the Act;

D.   Award him attorney's fees and costs;

E.   Prejudgment interest calculated at the prevailing rate; and

F.   Grant such other relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by his attorney, demands trial by jury as to all issues triable by jury in this case.

By: _____

One of Plaintiff's Attorneys

Nicole R. Connors
The Law Offices of Nicole R. Connors
516 N. Ogden, #191
Chicago, Illinois 60622
(312) 733-7300
(312) 276-4754 (facsimile)

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____ Nicole R. Connors _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Merrill Lynch Business Financial Services, Inc. _____, acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of Butler v. Merrill Lynch Business Financial, Inc. _____

(CAPTION OF ACTION)

which is case number  08 C 0834 _____ in the United States District Court

(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  2·8·08 ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                               (SIGNATURE)

Printed/Typed Name: _____

As _____Registered Agent_____ of _____Merrill Lynch Business Financial Services, Inc._____

(TITLE)                                                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually served when the request for waiver of service was received.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Waiver of Service of Summons

TO: _____
Nicole R. Connors
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Merrill Lynch Business Financial Services, Inc. , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Butler v. Merrill Lynch Business Financial, Inc. ,
(CAPTION OF ACTION)

which is case number     08 C 0834                        in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the
manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after     2·8·08     ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
        (DATE)                                (SIGNATURE)

        Printed/Typed Name: _____

As     Registered Agent     of     Merrill Lynch Business Financial Services, Inc.
        (TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the
summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located
in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown
for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been
brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.
A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service
of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or
unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or
motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed
more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAMES BUTLER, | : | |
| | : | NO: 3:08C0834 |
| Plaintiff, | : | |
| vs. | : | JUDGE NORGLE |
| | : | |
| MERRILL LYNCH | : | |
| BUSINESS FINANCIAL SERVICES | : | |
| INCORPORATED, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DECLARATION OF JANICE DEFAZIO
IN SUPPORT OF MERRILL LYNCH'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I, Janice DeFazio, hereby state the following:

1.      I am a Human Resources Vice President in the Business Support Group of

Merrill Lynch & Co., Inc.

2.      Attached hereto is a true and correct copy of the *Agreement & Release*

executed by James Butler on September 11, 2007, and by me, on behalf of Merrill Lynch

& Co., Inc., on October 3, 2007.

3.      Merrill Lynch provided Mr. Butler with all of the benefits set forth in

paragraph 2 of the *Agreement & Release.*

4.      Absent execution of the *Agreement & Release*, Mr. Butler was not entitled

to the benefits set forth in paragraph 2, which included: 12 weeks of salary, an additional

lump sum payment of $1,500.00, and the continuation of certain benefits during Mr.

Butler's severance period.

1

5.    Mr. Butler has not returned any of these benefits to Merrill Lynch.


I execute this Declaration in accordance with 28 U.S.C. § 1746, and declare under penalty of perjury that the foregoing is true and correct.


Date: May __1__, 2008          _____
                               Janice DeFazio
                               Vice President, Human Resources
                               Merrill Lynch & Co., Inc.

2

## AGREEMENT AND RELEASE

James Butler ("Employee") and Merrill Lynch & Co., Inc., its subsidiaries and affiliates ("Merrill Lynch") agree to the following terms and conditions:

1. The Employee's employment with Merrill Lynch will cease on 10/1/2007 (the "Termination Date") and the Employee hereby resigns all offices and directorships at Merrill Lynch and/or of any other entity held as a result of such employment, as of the Termination Date. Following the Termination Date, the Employee shall not represent to any individual or entity that the Employee is an employee, officer, affiliate or agent of Merrill Lynch.

2. Subject to the Employee's execution and non-revocation of this Agreement and Release, and notwithstanding the termination of the Employee's employment, the Employee will receive the following:

    (a) The Employee will be provided with a total of 12 weeks of salary (the "Severance Amount"). If the Employee executes and returns this Agreement and Release on or before 10/29/2007, the 12 weeks of the Severance Amount will be paid over time based on the salary the employee was receiving immediately prior to the Termination Date and at the same frequency then applicable to similarly situated active employees. Merrill Lynch will also provide the Employee with benefits as described below through the 12 weeks (the "Twelve Week Severance Period"). If the Employee executes and returns this Agreement and Release after 10/29/2007, and it is accepted by Merrill Lynch, the first 4 weeks of the Severance Amount will be paid over time based on the salary the employee was receiving immediately prior to the Termination Date and at the same frequency then applicable to similarly situated active employees. Merrill Lynch will also provide the Employee with benefits as described below through the 4 weeks (the "Four Week Severance Period"), and, in addition, the Employee will be paid the remaining 8 weeks of the Severance Amount in a lump sum.

    (b) For either the Four Week or Twelve Week Severance Period applicable to the Employee, the Employee will be entitled to continuation of only the following health and welfare plan benefits (with continuation of normal employer and employee contributions) provided the Employee was receiving such benefit coverage on the Termination Date: Medical; Dental; Vision; Basic and Contributory Group Life Insurance; Basic and Supplemental Accidental Death or Dismemberment Insurance; and continued participation in healthcare and/or dependent care Flexible Spending Accounts. For purposes of clarification only, the Employee will not be entitled to the following benefits during the applicable Severance Period: leaves of absence; Basic and Supplemental Long-Term Disability Plan coverage; Business Travel Accident Insurance; Commuter Savings Program; continued participation in any Retirement Program, Employee Stock Purchase Plan, or 401(k) Savings & Investment Plan; vacation, personal days, and any other fringe benefits or ancillary employee programs.

    (c) Following the Termination Date, Merrill Lynch agrees to pay the Employee a single lump sum in the amount of $1,500.00. This amount is being paid to the Employee in lieu of the Employee's participation in the Variable Incentive Compensation Program ("VICP") or Office Management Incentive Compensation Program ("OMICP") or Employee Incentive Program ("EIP"), notwithstanding the fact that the Employee is not otherwise eligible to participate in VICP or OMICP or EIP.

3. Following the Termination Date, Merrill Lynch agrees to pay the Employee for any accrued and unused vacation days.

4. All payments made by Merrill Lynch to the Employee under this Agreement and Release, including awards or other payments made pursuant to the terms of any compensation plan, will be subject to required withholding for federal, state and local taxes. In the event that the Employee finds new employment within Merrill Lynch, the Employee will not be entitled to any unpaid amounts or lump sums otherwise due under this Agreement and Release. In addition, in the event the Employee finds new employment within Merrill Lynch, the provisions of this Agreement & Release, if any, dealing with the treatment of Restricted Shares or Stock Options granted to the Employee under the Merrill Lynch & Co., Inc. Long-Term Incentive Compensation Plan ("LTICP") and/or the Merrill Lynch & Co., Inc. Equity Capital Accumulation Plan ("ECAP") shall be null and void and have no further force and effect as of the date of such new employment. Accordingly, in the event of any subsequent termination of the Employee's employment, the treatment of all such grants, if any, made to the Employee shall be based on the terms of LTICP or ECAP and not on anything contained in this Agreement & Release.

5. It is important that the Employee completely understand the terms and conditions in this Agreement and Release. The Employee acknowledges that there has been an opportunity to ask any questions the Employee may have about the Agreement and Release. The Employee has 45 days to make a decision to accept the benefits and sign this Agreement and Release or to reject the benefits and not sign this Agreement and Release. The Employee has seven days after signing this Agreement and Release to revoke this Agreement and Release. The Employee understands that in signing this Agreement and Release all claims covered by this Agreement and Release that the Employee has or may have up to the date of this Agreement and Release are released to the fullest extent permitted by law.

6.  (a) The Employee, in consideration of the payments and other benefits provided by this Agreement and Release, releases and discharges Merrill Lynch and Merrill Lynch's officers, directors, employees, and agents, all employee benefit plans of Merrill Lynch, all trusts and other funding vehicles established in connection with any such plans, and all members of committees established under the terms of such plans, from any and all actions, causes of actions, claims, or charges known or unknown arising out of the Employee's employment and/or termination of employment, including but not limited to: claims for compensation or bonuses, including any claim for an award under the Merrill Lynch Variable Incentive Compensation Program or any other compensation plan or arrangement maintained by Merrill Lynch, front or back pay, compensatory, punitive or exemplary damages or attorneys' fees; wrongful or unlawful discharge or any other contractual or common law claims; violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1991, the Worker Adjustment and Retraining Notification Act, the Employee Retirement Income Security Act, 42 U.S.C. § 1981, and/or the Family and Medical Leave Act, including all amendments to any of the aforementioned Acts; violations of any other federal, state and/or municipal employment statutes or laws; or violations of any other law, rule, regulation, or ordinance pertaining to employment wages, compensation, hours worked, or any other aspect of the Employee's employment relationship with Merrill Lynch. However, this paragraph shall not limit or prohibit in any way the Employee's ability to bring an action to enforce the terms of this Agreement and Release. Except for benefits under any Merrill Lynch plans that have vested or will vest according to the terms of those plans, Merrill Lynch does not have, and shall not have, any obligation to provide the Employee with any payments, benefits, or consideration other than the payments recited herein.

    (b) The Employee agrees that should any person or entity file or cause to be filed any civil action, suit, arbitration, or legal proceeding seeking equitable or monetary relief in connection with any aspect of the Employee's employment relationship with Merrill Lynch, the Employee will not seek or accept any personal relief in connection with such civil action, suit, arbitration, or legal proceeding.

    (c) The Employee agrees that the above paragraphs shall release Merrill Lynch from liability to the fullest extent permitted by law.

7.  (a) The Employee had access to, and possession of, confidential and proprietary information, data, records, documents and physical property belonging to Merrill Lynch. The Employee agrees to return any and all Merrill Lynch records, documents and physical property and not to disclose any confidential or proprietary information, data, records or documents to any person or entity.

    (b) The Employee shall keep the terms of this Agreement and Release strictly confidential. This provision does not preclude the Employee from disclosing the terms of this Agreement and Release to the Employee's attorney, financial advisors, and immediate family members, as long as such individuals agree that they are subject to the confidentiality provision described in this paragraph.

    (c) Nothing in this Agreement shall prohibit or restrict the Employee from (i) providing information to, or otherwise assisting in, an investigation by Congress, the Securities and Exchange Commission ("SEC"), or any other federal regulatory or law enforcement agency or self-regulatory organization ("SRO"); or (ii) testifying, participating, or otherwise assisting in a proceeding relating to an alleged violation of any federal law relating to fraud or any rule or regulation of the SEC or any SRO.

8.  Merrill Lynch may be, or may become, involved in disputes with third parties or regulatory investigations, concerning matters relating to the Employee's employment or areas of responsibility at Merrill Lynch. The Employee agrees to (i) provide truthful and complete cooperation to Merrill Lynch including, but not limited to, the Employee's appearance at interviews with attorneys representing Merrill Lynch pertaining to such matters whether or not formal proceedings have already been commenced and through the conclusion of such matters or proceedings, and (ii) to provide Merrill Lynch with all documents in his or her possession or control relating to such matters; provided, however, that Merrill Lynch will reimburse the Employee for all reasonable travel expenses, including lodging and meals incidental to such cooperation.

9.  Employee hereby assigns to Merrill Lynch any and all inventions, copyrightable material, trade secrets or other work conceived, developed or otherwise performed by Employee during Employee's employment that are related to the financial services industry or Merrill Lynch products, services or internal practices or processes. Employee will, at Merrill Lynch's expense, do whatever necessary to further document its ownership of any such property. Nothing in this paragraph should be construed to diminish or affect the validity or enforceability of any prior assignment of any such property.

10. This Agreement and Release shall inure to the benefit of the parties and shall be binding upon each of the parties and their assigns, successors, heirs and representatives.

11. The Employee acknowledges that the Agreement and Release is voluntarily entered into and the Employee has had an opportunity to consult with an attorney or other advisor (at the Employee's cost). THE EMPLOYEE ACKNOWLEDGES THAT MERRILL LYNCH ENCOURAGED THE EMPLOYEE TO SEEK ADVICE FROM AN ATTORNEY BEFORE EXECUTING THIS AGREEMENT AND RELEASE.

12. This Agreement and Release may not be changed orally.

13. This Agreement and Release constitutes the sole agreement between the parties as to the subject matter hereof and the Employee represents that in executing this Agreement and Release, the Employee has not relied upon any statement, agreement, undertaking or representation not set forth herein.

14. This Agreement and Release shall be governed by, and construed and interpreted in accordance with New York law.

By _____

For MERRILL LYNCH & CO., INC.

Date _____10/3/07_____

_____

James Butler

589H0

Date _____9/11/07_____