

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION  2008 JUL -7 PM 5:15

| | |
|---|---|
| JAMES BUTLER ) | U.S. DISTRICT COURT |
| ) | |
| Plaintiff, ) | |
| ) | No.   08C0834 |
| v. ) | |
| ) | Hon. Charles R. Norgle, Sr. |
| MERRILL LYNCH & CO., INC., ) | |
| ) | Magistrate Judge Ashman |
| Defendant. ) | |

### NOTICE OF FILING

FILED
JUL - 7 2008
Jul 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:  Peter E. Cooper
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL 60606

**PLEASE TAKE NOTICE** that on **July 7, 2008**, we caused to be filed with the Clerk of the United States District Court, Northern District of Illinois, the following: **James Butler's Response to Merrill Lynch's Motion to Dismiss, or in the Alternative, for Summary Judgment**, a copy of which is attached hereto and served upon you.

_____ Nicole R. Connors
Attorney for Plaintiff

| | |
|---|---|
| **Name** THE LAW OFFICES OF NICOLE R. CONNORS | **Attorney** for Plaintiff |
| **Address** 516 N. Odgen, #191 | **City** Chicago, IL, 60602 |
| **Telephone** 312-733-7300 | **ARDC No.** 6257886 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

JAMES BUTLER,

    Plaintiff,

vs.

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES, INC.

    Defendant.

No. 08C0834
Hon. Charles R. Norgle, Sr.
Magistrate Judge Ashman

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff ("Butler") commenced his employment with Merrill Lynch on May 1, 2006. Butler's most recent assignment had been in the Commercial Lending Group. Butler's position at the time of his termination was Vice President and Credit Relationship Officer. In June 2007, Butler's wife was diagnosed with a mental illness and was subsequently hospitalized.

Butler took a FMLA leave from June 2, 2007 to July 16, 2007 in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness.

In August of 2007, Butler received a mid-year evaluation which was based upon the performance figures of June 2007, which directly corresponded to the period of his FMLA leave. In September 2007, Butler was advised that he was being terminated based upon the poor performance reflected in his mid-year evaluation.

Upon termination Butler was presented with an Agreement and Release ("Release"),

which provided him with his salary and allowed him to retain his medical benefits coverage for an additional 12 weeks, as well as an additional $1,500. Given the current medical condition of his wife, Butler was in no position to decline continued medical coverage or salary, and therefore entered into the agreement with Defendant ("Merrill Lynch") under duress.

On February 8, 2008, Butler commenced this action seeking relief under the FMLA for his wrongful termination. Defendant has since filed a motion to dismiss pursuant to Fed. R.Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted contending that Butler's rights under the FMLA were waived pursuant to the release he signed, and that Butler's failure to tender back any consideration he received in exchange for his signing the release ratified the release, even if otherwise invalid. It is plaintiff's position that defendant's contentions are without merit and that Butler's complaint should stand.

## II.   STANDARD OF REVIEW

In review of a motion to dismiss for failure to state a claim the court accepts all well-plead allegations in the complaint as true. Fed. R.Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint. Gibson v. City of Chicago, 502 F.3d 616 (7th Cir. 1990). A complaint should only be dismissed pursuant to Rule 12(b)(6) when it is apparent from the face of the complaint that under no plausible facts may relief be granted. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616 (7th Cir. 2007).

If on a motion to dismiss matters outside the pleading are presented to the court the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(b). A movant is entitled to judgment as a matter of law under Rule 56 only where no genuine issue of material fact exists. Fed. R. Civ.P. 56(C).

### III. THE RELEASE IN QUESTION IS INVALID AND UNENFORCEABLE

Congress enacted the Family and Medical Leave Act of 1993 ("FMLA"), 107 Stat. 6, 29 U.S.C. § 2601 et. seq., in response to growing concerns about "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601 (a)(4). It is the express purpose of the statute to "entitle employees to take reasonable leave for medical reasons ... in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601 (b)(2)-(3).

The FMLA provides three categories of rights. The substantive rights include an employee's right to receive up to twelve weeks of unpaid leave for a serious health condition 29 U.S.C. § 2601 (a)(1)., and the right to reinstatement following the leave, Id. § 2614(a)(1). Other substantive rights include the continuation of employment benefits, id. § 2614(a)(2), the maintenance of the employee's group health coverage, Id. § 2614(c)(1) and the availability of intermittent leave, § 2612(b)(1) Employers cannot use FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions. 29 C.F.R. §825.220(c).

The proscriptive rights include an employee's right not to be discriminated against or retaliated against for exercising FMLA rights. Id. §2615(a)(2).

The FMLA also provides employees with a third category of rights, a private right of action to recover both equitable relief and money damages against an employer who interferes with an employee's exercise of any rights under the Act, or discriminates or retaliates against an employee's exercise of any rights under the Act. 29 U.S.C. §2615(a)(1). §2617(a)(1).

In this case, Butler took FMLA leave when his wife was diagnosed with a mental illness and hospitalized, in order to assist in his wife's medical care and arrangements as well as to care for his young daughter during the time of his wife's illness. While Butler was on FMLA leave his leave was

counted against him in terms of performance evaluations and upon return he was terminated. In order to retain his much needed medical benefits and to obtain severance pay Butler was made to sign a release which among other things waived any rights to pursue a claim against his former employer for violation of the FMLA.

Defendant contends that the release is valid and enforeceable and even goes so far as to contend that "the majority of courts" allow such a waiver of FMLA claims. However, the fact of the matter is that most circuits, our Seventh included, have yet to consider whether such a release is valid under the FMLA. Of the few that have the most sound and well reasoned decision to date is that coming from the Fourth Circuit. See Taylor v. Progressive Energy, Inc. 415 F.3d 364, 371 (4th Cir. 2005) ("Taylor I"), 493 F.3d 454, 463 (4th Cir. 2007) ("Taylor II").

In Taylor I, the Fourth Circuit makes it clear that the plain language of the FMLA clearly prohibits both retrospective and prospective waiver or release of an employee's FMLA rights. Taylor, 415 F.3d 364, 368, citing 29 C.F.R. §825.220(d) ("employees cannot waive, nor may employers induce employees to waive, their rights under FMLA").

In Taylor II, the Fourth Circuit reinstates its original decision, and holds that the Department of Labor's ("DOL") current position, that only prospective waivers are banned by the FMLA, is inconsistent with what the DOL stated it intended the regulation to mean at the time that it was enacted and therefore the court was not obligated to defer to the agency's current interpretation. Taylor, 493 F.3d 454, 461, citing Thomas Jefferson Univ. V. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381 (1994).

It is plaintiff's position that any argument that section §825.220(d) only refers to a "prospective" waiver is disingenuous and would completely undercut any value that the FMLA has in protecting employees who are generally in a precarious situation having to deal with medical and

financial difficulties brought on to their families by what are often catastrophic and debilitating illnesses. That being the case plaintiff urges this Court to follow the well-reasoned opinion of the Fourth Circuit in this matter.

## IV. TENDER BACK OF BENEFITS WAS NOT REQUIRED FOR BUTLER TO FILE SUIT

Merrill Lynch further argues that because Butler did not tender back the consideration he received in connection with the Release his lawsuit should not stand. Again, plaintiff strongly disagrees.

The Court has previously encountered a situation similar to the one at hand in Oberg v. Allied Van Lines, Inc., 11 F.3d 679 (7th Cir. 1993). In Oberg, a group of defendants'. employees were terminated due to a reduction in force. Oberg, at 680. The fired employees were offered the option between two monetary severance benefits packages in return for executing a severance agreement. Id. at 681. The severance agreement provided that the fired employees would continue to receive health benefits and pension contributions during the benefits disbursement period. Id. In addition, the fired employees promised that they would release defendants. from all Age Discrimination in Employment Act ("ADEA") claims and that they would not file any subsequent claims against them. Id. Any breach of the severance agreement by the fired employees specifically required the return of all severance benefits. Id. After receiving the last severance disbursement, the fired employees filed suit against defendants under the ADEA. Id.

The defendants' employer and its parent company moved to dismiss the entire complaint under Rule 12(b)(6) or to grant summary judgment under Rule 56. Id. The defendants argued that the fired employees must tender back all severance benefits received, pursuant to the severance agreement, before being allowed to maintain the ADEA suit. Id. The district court denied the

defendants' motion which was affirmed by the Seventh Circuit.

The Seventh Circuit relied upon the Supreme Court case of Hogue v. Southern R. Co., 390 U.S. 516 (1968), which considered the tender back issue in the context of the Federal Employers' Liability act ("FELA"), as guidance in applying it to an ADEA case. Oberg, at 684-85. In Hogue, the Supreme Court rejected any notion that state common law principles could help resolve the tender back question in FELA cases. Hogue, at 516-17. The question whether a tender back of the consideration was a prerequisite to the bringing of the suit is to be determined by federal rather than state law. Id. at 517. An employee, who previously executed an employer release, need not, as a precondition to bringing his suit under FELA, tender back to his employer any of the consideration he received for executing the release. Id.

The Seventh Circuit in Oberg also cited to cases in the Eleventh Circuit and the Central District of Illinois as guidance in its tender back ruling. Oberg, at 684; see Forbus v. Sears, Roebuck & Co., 958 F.2d 1036 (11th Cir.), cert. denied, 506 U.S. 955 (1992) and Isaacs v. Caterpillar, Inc., 765 F.Supp. 1359 (C.D.Ill. 1991). The Seventh Circuit made mention of the factual similarities between Oberg, Forbus, and Isaacs, and noted the reasoning behind Forbus and Isaacs was correct in analogizing the policy of the ADEA to that of the Hogue FELA ruling. Id. Based upon this reasoning, the Seventh Circuit in Oberg affirmed the district court's ruling that the fired employees were not required to tender back their severance benefits before filing their ADEA claims, notwithstanding the fired employees' previously executed waiver of all claims against the defendants. Id. at 684.

The facts in this case are similar to those in Oberg. Like the fired employees in Oberg, Butler's signing of the Release included monetary benefits and the continuation of health benefits. Similarly, the Release attempted to bar the filing of any suit by Butler, as did the severance

agreement in Oberg. Moreover, the Release required Butler to tender back the consideration he received if he breached the terms, which is similar language to the severance agreement in Oberg.

In following the parallel case reasoning used by the Seventh Circuit in Oberg, it is rational to liken the facts of this case to that of Oberg, Forbus, Isaacs, and Hogue and to extend the FELA and ADEA rationale to the FMLA. As such, this Court should find that Butler is not required to tender back his severance benefits in order to maintain his FMLA claim.

V.  **CONCLUSION**

For the reasons set forth above plaintiff Butler respectfully requests that the Court deny defendant's Motion to Dismiss in this matter.

By: _____

One of Plaintiff's Attorneys


Nicole R. Connors
The Law Offices of Nicole R. Connors
516 N. Ogden, #191
Chicago, Illinois 60622
(312) 733-7300
(312) 276-4754 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2008, a true and correct copy of James Butler's Response to Merrill Lynch's Motion to Dismiss, or in the Alternative, for Summary Judgment was served by First Class Mail upon the following:

Peter E. Cooper

Lawrence, Kamin, Saunders & Uhlenhop LLC

300 South Wacker Drive, Suite 500

Chicago, IL 60606

/s/ Nicole R. Connors

Attorney for the Plaintiff, James Butler

Nicole R. Connors

The Law Offices of Nicole R. Connors

516 N. Ogden, #191

Chicago, IL 60622