IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BUTLER, : | |
| : | NO: 3:08C0834 |
| Plaintiff, : | |
| vs. : | JUDGE NORGLE |
| : | |
| MERRILL LYNCH : | |
| BUSINESS FINANCIAL SERVICES : | |
| INCORPORATED, : | |
| : | |
| : | |
| Defendant. : | |
| : | |

**MERRILL LYNCH'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION
TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

In opposition to Merrill Lynch's Motion to Dismiss Butler argues that the *Agreement & Release* that he executed, and for which he accepted and retained valuable consideration, is void and unenforceable as to the release of FLMA claims. He also argues that the release is unenforceable because he signed it under duress. Contrary to these assertions, the FMLA permits the waiver of retrospective FMLA claims, and the doctrine of ratification precludes any argument that the agreement was signed under duress. As such, the *Agreement & Release* is valid and enforceable, and Butler's complaint should be dismissed as a matter of law.

**II.   ARGUMENT**

  **A.    THE FMLA PERMITS THE WAIVER OF RETROSPECTIVE
         FMLA CLAIMS**

Butler cites Taylor v. Progressive Energy, Inc., 415 F.3d 364 (4th Cir. 2005) ("Taylor II") for the proposition that 29 C.F.R. § 825.220(d) prohibits the retrospective

waiver of FMLA claims.  As set forth in *Merrill Lynch's Memorandum of Law* at 7-8, Taylor II is the only court to so hold since the Department of Labor ("DOL") clarified in *amicus* briefs that section 825.22(d) does not prohibit such waivers.  Butler does not address the deference owed to the DOL's interpretation of its own regulations.  Instead, he argues that the reasoning in Taylor II is persuasive.

Other courts asked to consider whether 29 C.F.R. § 825.220(d) precludes the waiver of retrospective FMLA claims disagree.[1]  Moreover, the DOL's interpretation of its own regulations is entitled to deference.  *Merrill Lynch Memorandum of Law* at 8-10.  No court (other than Taylor II) has ignored the DOL's position on this issue.[2]  Equally significant, Taylor II was decided before the DOL issued proposed changes to section 825.220(d) that expressly state that parties are permitted to settle past claims.  *Merrill Lynch Memorandum of Law* at 8 (citing Proposed Rule, 73 Fed. Reg. 7901 (Feb. 11, 2008) (to be codified at 29 C.F.R. 825)).  As such, the release that Butler signed is valid and should be enforced.

### B.  BUTLER RATIFIED THE *AGREEMENT & RELEASE* THEREBY PRECLUDING THE ASSERTION THAT HE SIGNED IT UNDER DURESS

Butler asserts that he signed the *Agreement & Release* under duress, and that it is therefore unenforceable.  The doctrine of ratification (which makes a voidable release

---

[1] See, e.g., Faris v. Williams WPC-I Inc., 332 F.3d 316, 321 (5th Cir. 2003) (holding that procedural rights, such as the right to sue, are not "rights" within the meaning of the FMLA and may therefore be waived); Dougherty v. Teva Pharmaceuticals USA, Inc., No. 05-2336, 2007 U.S. Dist. LEXIS 27200, * 26, 28 (E.D. Pa. Apr. 9, 2007), complaint dismissed at, 2008 U.S. Dist. LEXIS 13255 (Feb. 20, 2008) (concluding that past or accrued FMLA claims are no longer "rights under the FMLA" and may therefore be waived); Hicks v. John F. Murphy Homes, Inc., No. 07-CV-121, 2008 U.S. Dist. LEXIS 5914, *1-2 (D. Me. Jan. 25, 2008) (noting that if asked to decide this issue it would adopt the reasoning in Faris and Dougherty).

[2] See, e.g., Dougherty, U.S. Dist. LEXIS 27200 at *26-27 (holding that the DOL's interpretation is entitled to deference); Hicks, 2008 U.S. Dist. LEXIS 5914 at * 2-3 (refusing to follow Taylor II because its holding is contrary to the DOL's interpretation).

2

binding) precludes this argument as a matter of law. *Merrill Lynch Memorandum of Law* at 10-11.

In an effort to avoid this fact, Butler cites <u>Oberg v. Allied Van Lines, Inc.</u>, 11 F.3d 679 (7th Cir. 1993), which held that a release of an age claim under the ADEA that does not comply with the requirements of the Older Workers Benefit Protection Act ("OWBPA") is not valid when initially executed (<u>i.e.</u> it is void), and therefore cannot be made valid by the doctrine of ratification. <u>Id.</u> at 683. At the time <u>Oberg</u> was decided, there was a circuit split on this issue. The Supreme Court put this issue to rest in <u>Oubre v. Entergy Operations, Inc.</u>, 522 U.S. 422, 427 (1998) when it held, as did <u>Oberg</u>, that the release of an ADEA claim that is invalid because it does not comply with the OWBPA, cannot be validated through ratification. "Courts cannot with ease presume ratification of that which Congress forbids." <u>Id.</u> These holdings have no application here because Congress does <u>not</u> forbid the waiver of FMLA claims.

Merrill Lynch concedes that if the retrospective waiver of FMLA claims is prohibited by the FMLA, the release of such claims could not have been validated through ratification. However, because the FMLA permits the release of retrospective claims, the doctrine of ratification bars any assertion by Butler that the release is invalid due to duress. *Merrill Lynch Memorandum of Law* at 10-11. Indeed, even as to ADEA claims, neither <u>Oberg</u> nor <u>Oubre</u> precludes ratification of a release that complies with the OWBPA. <u>See</u>, <u>e.g.</u>, <u>Schoenwald v. Arco Alaska, Inc.</u>, No. 98-35195, 1999 U.S. App. LEXIS 20955, * 12 (9th Cir. Aug. 30, 1999). In <u>Schoenwald</u>, the Ninth Circuit affirmed summary judgment in favor of the employer on plaintiff's ADEA, FMLA and other claims because Schoenwald – like Butler – executed a valid release. <u>Id.</u> at * 12.

Schoenwald, like Butler, argued that the release was invalid because he signed it under duress. Id. at * 5-6. The circuit court rejected -- as a matter of law -- plaintiff's argument that due to his "dire financial situation" he was forced to sign the agreement under duress. Id. at * 6-7. First, it noted that "economic necessity" . . . is not enough, by itself, to void an otherwise valid release." Id. at *7. [3]  Second, the circuit court found no inconsistency in the district court's holding that although Schoenwald did not have to tender back the consideration prior to filing suit, he nonetheless ratified the release. Id. at *9. Butler's ratification of the *Agreement & Release* likewise precludes as a matter of law his argument that it was signed under duress, and his assertions of economic necessity cannot (even absent the doctrine of ratification) support a claim of duress.

## III.    CONCLUSION

For the reasons set forth herein, as well as in Merrill Lynch's Memorandum of Law in support of this motion, Merrill Lynch respectfully requests that the Court grant Merrill Lynch's Motion to Dismiss, or in the Alternative, for Summary Judgment and dismiss Butler's Complaint with prejudice.

---

[3]  Butler claims the he was "made to sign" the release "in order to retain his much needed medical benefits and to obtain severance pay." *Butler Opposition Brief* at 4. It is well settled, however, that this is insufficient as a matter of law to render the release involuntary. Constant v. Continental Tele. Co. of Ill., 745 F. Supp. 1374, 1385 (C.D. Ill. 1990) (finding that the choice between accepting a separation agreement, which included severance pay and the retention of medical benefits, or facing discharge without any compensation does not support a finding of economic or medical duress); See also, Myricks v. Federal Reserve Bank of Atlanta, 480 F.3d 1036, 1042 (11th Cir. 2007) (affirming dismissal of Title VII claim because plaintiff's alleged economic duress did not affect the voluntariness of the release he signed); Littrell v. City of Kansas City, 459 F.3d 918, 921 (8th Cir. 2006) (affirming dismissal of discrimination claims where release was voluntary as "financial necessity does not alone constitute duress"); Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 295 (3d Cir. 2003) ("the existence of financial pressure to sign a waiver is insufficient to establish that it was executed involuntarily."); Melanson v. Browning-Ferris Industries, Inc., 281 F.3d 272, 277 (1st Cir. 2002) (affirming dismissal of claims where release was knowing and voluntary, noting that duress cannot be inferred from emotional or financial stress associated with the loss of a job); Rutledge v. IBM Corp., No. 91-1385, 1992 U.S. App. LEXIS 18501, *11 (10th Cir. Aug. 6, 1992) (affirming dismissal of ADEA claim in light of release and holding that economic pressure alone did not entitle plaintiff to a trial on the issue of whether the release was knowing and voluntary); Cirillo v. Arco Chem. Co., 862 F2d 448, 452 n.2 (3d Cir. 1988) ("economic pressure alone is insufficient to establish a claim of duress that would void an otherwise valid release.").

Date: July 21, 2008	Respectfully submitted,


                           MERRILL LYNCH COMMERCIAL FINANCE CORP.


                         By:	_____s/Peter E. Cooper_____
                                 One of Its Attorneys

Peter E. Cooper, Esq.
(ARDC No. 6218794)
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL  60606
Tel.: (312) 372-1947
Fax: (312) 372-2389
pcooper@lksu.com

<u>Of counsel</u>:
Michael J. Fortunato
Julianne L. Peck
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA  19301
Tel.: (610) 408-2005
Fax: (610) 854-4305
mfortunato@rubinfortunato.com

Attorneys for Defendant
Merrill Lynch Commercial Finance Corp.
Successor-in-Interest to Merrill Lynch Business Financial Services Inc.

## CERTIFICATE OF SERVICE

I herby certify that on this 21st day of July, 2008, a true and correct copy of ***Merrill Lynch's Reply in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment*** was served via the Court's electronic filing system and by First Class mail upon the following:

> Nicole R. Connors
> The Law Offices of Nicole R. Connors
> 516 N. Ogden, #191
> Chicago, Illinois  60622
>
> Attorney for Plaintiff James Butler

_____s/Peter E, Cooper_____
Peter E. Cooper
