## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES BUTLER, | : | |
| | : | NO:  3:08C0834 |
| Plaintiff, | : | |
| vs. | : | JUDGE NORGLE |
| | : | |
| MERRILL LYNCH | : | |
| BUSINESS FINANCIAL SERVICES | : | |
| INCORPORATED, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MERRILL LYNCH'S RESPONSE TO JAMES BUTLER'S STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, Merrill Lynch Commercial Finance Corp., the successor-in-interest to Defendant Merrill Lynch Business Financial Services Incorporated ("Merrill Lynch") hereby responds to the additional material facts submitted by Plaintiff, James Butler ("Butler"), and states as follows:

1.   The plaintiff, James Butler, is an individual who at all times relevant hereto resided at 15321 Cherry Lane, Oak Forest, Illinois 60452. See Compl. ¶6.

RESPONSE:    Admitted.  See Merrill Lynch's Statement of Uncontested Facts Pursuant to Local Rule 56.1, at ¶1.

2.   The defendant, Merrill Lynch Business Financial Services Inc., now operating under the name Merrill Lynch Commercial Finance Corp., maintained an office at 222 North LaSalle Street, Chicago, Illinois 60601 at all times relevant hereto.  See Compl. ¶7.

RESPONSE:    Admitted.  See Merrill Lynch's Statement of Uncontested Facts Pursuant to Local Rule 56.1, at ¶2.

1

3.      This court has jurisdiction over this matter under 28 U.S.C. § 1331.

RESPONSE:          Admitted.  See Merrill Lynch's Statement of Uncontested Facts Pursuant
                   to Local Rule 56.1, at ¶3.

4.      Venue is proper under 28 U.S.C. § 1391(b).

RESPONSE:          Admitted.  See Merrill Lynch's Statement of Uncontested Facts Pursuant
                   to Local Rule 56.1, at ¶4.

5.      Butler commenced his employment with Merrill Lynch on May 1, 2006.  See
        Compl. ¶8.

RESPONSE:          Admitted.  See Merrill Lynch's Statement of Uncontested Facts Pursuant
                   to Local Rule 56.1, at ¶5.

6.      In June 2007, Butler's wife was diagnosed with a mental illness and was
        subsequently hospitalized. See Compl. ¶10.

RESPONSE:          Merrill Lynch declines to admit or deny the allegations contained in
                   paragraph 6 as Butler has failed to include references to affidavits, parts of
                   the record, or other supporting materials relied upon by him in making the
                   assertion, in contravention of Local Rule 56.1(b).  See Liu v. T & H
                   Machine, Inc., 191 F.3d 790, 794-95(7th Cir. 1999) (non-moving party
                   may not rest upon the allegations set forth in the pleadings in opposition to
                   summary judgment, but must come forward with specific evidentiary
                   facts).  Nevertheless, because the allegations contained in paragraph 6 are
                   not material to the any issue entitling Merrill Lynch to summary judgment,
                   Merrill Lynch does not dispute these assertions for purposes of Merrill
                   Lynch 's Motion to Dismiss, or, in the Alternation, for Summary
                   Judgment.

7.      Butler took a leave of absence under the Family Medical Leave Act of 1993, 29
        U.S.C. §2601, et seq., from June 2, 2007 to July 16, 2007 in order to assist in his
        wife's medical care and arrangements and to care for his daughter during his
        wife's illness.  See Compl. ¶11.

RESPONSE:          Merrill Lynch declines to admit or deny the allegations contained in
                   paragraph 7 as Butler has failed to include references to affidavits, parts of
                   the record, or other supporting materials relied upon by him in making the
                   assertion, in contravention of Local Rule 56.1(b).  See Liu v. T & H
                   Machine, Inc., 191 F.3d 790, 794-95(7th Cir. 1999) (non-moving party
                   may not rest upon the allegations set forth in the pleadings in opposition to
                   summary judgment, but must come forward with specific evidentiary
                   facts).  Nevertheless, because the allegations contained in paragraph 7 are

2

not material to the any issue entitling Merrill Lynch to summary judgment, Merrill Lynch does not dispute these assertions for purposes of Merrill Lynch 's Motion to Dismiss, or, in the Alternation, for Summary Judgment.

8.      On August 15, 2007, Butler received a mid-year evaluation which was based upon the performance figures of June 2007.  <u>See</u> Compl. ¶12.

RESPONSE:      Merrill Lynch declines to admit or deny the allegations contained in paragraph 8 as Butler has failed to include references to affidavits, parts of the record, or other supporting materials relied upon by him in making the assertion, in contravention of Local Rule 56.1(b).  <u>See</u> <u>Liu v. T & H Machine, Inc.</u>, 191 F.3d 790, 794-95(7th Cir. 1999) (non-moving party may not rest upon the allegations set forth in the pleadings in opposition to summary judgment, but must come forward with specific evidentiary facts).  Nevertheless, because the allegations contained in paragraph 8 are not material to the any issue entitling Merrill Lynch to summary judgment, Merrill Lynch does not dispute these assertions for purposes of Merrill Lynch 's Motion to Dismiss, or, in the Alternation, for Summary Judgment.

9.      On September 10, 2007, Butler's employment was terminated with Merrill Lynch based upon the poor performance in his mid-year evaluation.  <u>See</u> Compl. ¶14.

RESPONSE:      It is admitted only that Butler's employment was terminated on September 10, 2007.  <u>See</u> Merrill Lynch's Statement of Uncontested Facts Pursuant to Local Rule 56.1, at ¶6.  Merrill Lynch declines to admit or deny the remaining allegations contained in paragraph 9 as Butler has failed to include references to affidavits, parts of the record, or other supporting materials relied upon by him in making the assertion, in contravention of Local Rule 56.1(b).  <u>See</u> <u>Liu v. T & H Machine, Inc.</u>, 191 F.3d 790, 794-95(7th Cir. 1999) (non-moving party may not rest upon the allegations set forth in the pleadings in opposition to summary judgment, but must come forward with specific evidentiary facts).  Nevertheless, because the allegations contained in paragraph 9 are not material to the any issue entitling Merrill Lynch to summary judgment, Merrill Lynch does not dispute these assertions for purposes of Merrill Lynch 's Motion to Dismiss, or, in the Alternation, for Summary Judgment.

10.      On September 11, 2007, Butler executed an *Agreement & Release* in connection with his termination from Merrill Lynch.

RESPONSE:      Admitted.  <u>See</u> Merrill Lynch's Statement of Uncontested Facts Pursuant to Local Rule 56.1, at ¶¶7-9.

3

11.    A portion of the *Agreement & Release* entitled Butler to retain his medical benefits for his wife's illness.

RESPONSE:    It is admitted only that, pursuant to the *Agreement and Release*, Butler was entitled to the continuation of certain benefits coverage.  See Merrill Lynch's Statement of Uncontested Facts Pursuant to Local Rule 56.1, at ¶10.  Merrill Lynch declines to admit or deny the remaining allegations contained in paragraph 11, as Butler has failed to include references to affidavits, parts of the record, or other supporting materials relied upon by him in making the assertion, in contravention of Local Rule 56.1(b).  See Liu v. T & H Machine, Inc., 191 F.3d 790, 794-95(7th Cir. 1999) (non-moving party may not rest upon the allegations set forth in the pleadings in opposition to summary judgment, but must come forward with specific evidentiary facts).  Nevertheless, because the allegations contained in paragraph 11 are not material to the any issue entitling Merrill Lynch to summary judgment, Merrill Lynch does not dispute these assertions for purposes of Merrill Lynch 's Motion to Dismiss, or, in the Alternation, for Summary Judgment.

Date: July 21, 2008                    Respectfully submitted,

                                       MERRILL LYNCH COMMERCIAL FINANCE CORP.

                                       By: /s/ Peter E. Cooper
                                                One of Its Attorneys

Peter E. Cooper, Esq.
(ARDC No. 6218794)
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL 60606
Tel.: (312) 372-1947
Fax: (312) 372-2389
pcooper@lksu.com

Of counsel:
Michael J. Fortunato
Julianne L. Peck
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA 19301
Tel.: (610) 408-2005
Fax: (610) 854-4305
mfortunato@rubinfortunato.com

Attorneys for Defendant
Merrill Lynch Commercial Finance Corp.
Successor-in-Interest to Merrill Lynch Business Financial Services Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that true and correct copies of ***Merrill Lynch's Responses to James***

***Butler's Statement of Uncontested Facts Pursuant to Local Rule 56.1*** were served via facsimile

and U.S. Mail as follows:


Nicole R. Connors
The Law Offices of Nicole R. Connors
516 N. Ogden, #191
Chicago, Illinois 60622
(312) 733-7300
(312) 276-4754 (facsimile)

*Counsel for Claimant James Butler*


Dated:  July 21, 2008            /Peter E. Cooper
                                 Peter E. Cooper, Esq.



.