

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES BUTLER, | ) |
| Plaintiff, | ) No. 08 C 0834 |
| v. | ) |
| | ) Honorable Charles R. Norgle |
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., | ) |
| Defendant. | ) |

### OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Merrill Lynch Business Financial Services, Inc.'s ("Merrill Lynch") motion to dismiss or, in the alternative, for summary judgment against Plaintiff James Butler ("Butler"), a former employee of Merrill Lynch who agreed to release all claims against the company, including claims brought under the Family and Medical Leave Act ("FMLA" or the "Act"), in connection with his termination. In response to Butler's complaint, Merrill Lynch now seeks to enforce the parties' release. The primary issue for this Court to decide, as a matter of first impression, is whether 29 C.F.R. § 825.220(d), a regulation implementing the FMLA, prohibits employees from waiving retrospective or past claims that arose under the FMLA. For the following reasons, the Court finds that it does not. Summary judgment is therefore granted in favor of Merrill Lynch.

### I. BACKGROUND

#### A. FACTS

The following facts are undisputed. Butler began working for Merrill Lynch on May 1, 2006. Merrill Lynch assigned Butler to the company's Commercial Lending Group and

eventually named Butler a Vice President and Credit Relationship Officer. After approximately one year with Merrill Lynch, Butler sought and obtained, pursuant to the FMLA, a leave of absence from June 2, 2007 to July 16, 2007 to assist with his wife's medical care and to care for the couple's daughter during his wife's illness.

Butler returned to Merrill Lynch, as planned, on July 16, 2007. On August 15, 2007 Butler received a mid-year evaluation based on performance figures for June 2007, the month Butler was on his leave of absence. On September 10, 2007 Merrill Lynch terminated Butler, as alleged, because of his poor performance. The next day, on September 11, 2007, Butler executed an Agreement & Release, through which Butler "release[d] and discharge[d] Merrill Lynch…from any and all actions, causes of actions, claims, or charges known or unknown arising out of [Butler's] employment and/or termination of employment, including…violations of…the Family and Medical Leave Act." Def.'s Rule 56.1 Statement, Ex. B., Agreement and Release ¶ 6(a). In exchange for Butler's release, Merrill Lynch conferred to Butler a severance package, which included a continuation of Butler's salary and his medical and dental plans during the severance period and a lump sum of $1,500.00. Id. ¶¶ 2(a)-(c). To date, Butler has retained the benefits he received from Merrill Lynch.

## B. PROCEDURAL HISTORY

On February 8, 2008 Butler filed a two-count complaint against Merrill Lynch, alleging that the company violated the FMLA when it terminated Butler's employment, denied Butler's request for medical leave and, in the end, retaliated against Butler for exercising his right to take medical leave. In response, on May 8, 2008 Merrill Lynch filed the instant motion, seeking to enforce against Butler the terms of the parties' Agreement and Release.

In support of its motion, Merrill Lynch maintains that, upon execution of the release, Butler waived his retrospective claims under the FMLA. Butler contends, however, that the express terms of the FMLA's regulations prohibit employees from waiving or releasing their prospective *and* retrospective claims that arise under the FMLA; thus, the parties' Agreement and Release is void and unenforceable. For this argument, Butler clings to the holding in Taylor v. Progress Energy, Inc., 415 F.3d 364, 369 (4th Cir. 2005) ("Taylor I"), vacated by 493 F.3d 454 (4th Cir. 2006) ("Taylor II") (reinstating its previous holding), cert. denied 128 S. Ct. 2931 (2008), in which the Fourth Circuit held that § 825.220(d) precludes an employee from waiving any and all claims under FMLA as part of a settlement agreement. See Taylor II, 493 F.3d at 463. Merrill Lynch's motion is fully briefed, and the Court shall proceed on the issue regarding the FMLA as a matter of law. Since the Court need not reach the issue of ratification, the Court declines to rule on that issue at this point in the proceedings.

## II. DISCUSSION

### A. STANDARD OF DECISION

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. Midwest Gas Servs. v. Ind. Gas Co., 317 F.3d 703, 714 (7th Cir. 2003). Although Merrill Lynch's motion is entitled a "motion to dismiss," resolution of the pending issue through FED. R. CIV. P. 12(b)(6) would be imprudent. Merrill Lynch's primary contention is that Butler's action is barred by the parties' Agreement and Release. The Court will not engage in fact-finding on this type of defense, since no material issues of fact remain outstanding. Cf. Donnybrook Inv., Ltd. v. Arthur Andersen LLP, No. 05 C 4883, 2006 WL 1049588, at *1 (N.D. Ill. Apr. 20, 2006) (converting motion into one for summary judgment where the court would not engage in fact-finding on a statute of limitations defense). Thus, the

3

Court shall decide the motion pursuant to Merrill Lynch's alternative motion for summary judgment. In doing so, the Court shall consider matters outside the complaint to determine whether Butler's waiver bars his claims under the FMLA. See FED. R. CIV. P. 12(b) (authorizing the court to convert a motion to dismiss into one for summary judgment governed by the standards of Rule 56); Stark v. Dynascan Corp., 902 F.2d 549, 550 n.1 (7th Cir. 1990).

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment should be granted when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## B. WAIVER OF RETROSPECTIVE CLAIMS UNDER THE FMLA

Merrill Lynch asserts that Butler released the company of all claims under the FMLA, and that any argument that the release is void and unenforceable fails as a matter of law. To determine the validity of the parties' release, the Court's analysis must start with the plain language of the FMLA's regulations. The regulation relevant here provides:

> Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA. For example, employees (or their collective bargaining representatives) cannot 'trade off' the right to take FMLA leave against some other benefit offered by the employer. This does not prevent an employee's voluntary and uncoerced acceptance (not as a condition of employment) of a 'light duty' assignment while recovering from a serious health condition (see § 825.702(d)). In such a circumstance the employee's right to restoration to the same or the equivalent position is available until 12 weeks have passed within the 12-month period of 'light duty.'

4

29 C.F.R. § 825.220(d). While this language is fairly straightforward, federal courts have been unable to reach an accord with regard to its scope, especially for those cases in which employees release their employers from all past claims under the FLMA as part of a severance or settlement agreement. This is so because the regulations, as written, incite an obvious question: Does § 825.220(d) bar the waiver of all claims under the FMLA, including those that have already arisen, or does the regulation's bar only apply to prospective claims? Asked another way, does a waiver of *claims* constitute a "waiver of *rights*" under the FMLA, so that a waiver of both past and prospective claims is barred pursuant to § 825.220(d)?

Only a handful of courts from various circuits have grappled with these questions. And, as it turned out thus far, the Fourth Circuit is the only federal circuit court to find that § 825.220(d) prohibits a "prospective and retrospective waiver or release of rights under the FMLA, including the right to bring an action or claim for a violation of the Act." Taylor II, 493 F.3d at 463. The Fourth Circuit's ruling left open the door for soon-to-be litigants to bring retrospective claims under the FMLA, even after those litigants released their employers of all liability for past claims as part of a severance or settlement agreement. This Court must therefore weigh the import of the Fourth Circuit's position with: the express language of § 825.220(d); the relevant law with respect to waivers of claims under similar, employment-related statutory schemes; and the interpretation of § 825.220(d) by the United States Department of Labor ("DOL" or "agency"), the agency charged with carrying out the FMLA. The Court shall discuss in turn the issue of waiver under each of these constructs.

### 1. *Drawing a Distinction Between Substantive Rights and Claims Under the FMLA*

The plain language of § 825.220(d) bars expressly an employee's ability to waive its "*rights* under the FMLA." Merrill Lynch proposes that this limitation applies only to waivers of

substantive rights under the FMLA, as opposed to waivers of causes of action for damages, such as those that arise from an employer's discrimination or retaliation. In this way, the distinction between a party's "rights" and "claims" under the FMLA becomes critical. The Fifth Circuit emphasized this distinction in Faris v. Williams WPC-I, Inc., 332 F.3d 316, 320-21 (5th Cir. 2003), whose reasoning this Court finds persuasive.

There, the Fifth Circuit held that "[a] plain reading of [§ 825.220(d)] is that it prohibits prospective waiver of rights, not the post-dispute settlement of claims." Id. at 321. In reaching this conclusion, the court highlighted several factors upon review of the entire regulation that supported its interpretation. Id. at 320. For instance, the court found that neither the statute nor the regulation describes a cause of action for damages as a distinct FMLA right. Id. at 321. Rather, it describes a cause of action as a method of protecting one's rights under the FMLA. Id. A cause of action, in other words, is a means to protect rights under the FMLA, but it is not a right under the FMLA in and of itself. This, according to the Fifth Circuit, took past causes of action for damages outside the bundle of "rights under the FMLA" that § 825.220(d) sought to protect. And since § 825.220(d)'s waiver prohibition only applied to "rights under the FMLA," it did not extend to causes of action for damages that resulted from a previous violation of those rights. Moreover, the Fifth Circuit points out that the regulation contemplates an employee's "voluntary and uncoerced acceptance" of certain assignments without the employer violating the FMLA. 29 C.F.R. § 825.220(d). While this example relates to an employee's acceptance of a light duty assignment, it recognizes that an employee can, in fact, waive a claim to seek damages or equitable relief under the FMLA in exchange for the employee's acceptance of such an assignment. This is rather telling, as it reveals that the text of the regulation does not expressly seek to bar all releases of claims for damages. If the agency sought to bar all releases of such

6

claims, "it could have used language to make that clear. It did not." Taylor v. Progress Energy, Inc., No. 03 C 73-H-1, 2004 WL 5576902, at *5 (E.D.N.C. Mar. 22, 2004) rev'd by 415 F.3d 364 (4th Cir. 2005).

The district court in Dougherty v. Teva Pharmaceuticals USA, Inc., No. 05-2336, 2007 WL 1165068 (E.D. Pa. Apr. 9, 2007), while vacating its own previous decision on a motion to reconsider, agreed with the Fifth Circuit's conclusion in Faris and took the analysis a step further. In considering the distinction between "rights" and "claims" under the FMLA, the district court found that to use those terms "interchangeably, as this [c]ourt and the Fourth Circuit previously did in analyzing Section 825.220(d), is what (in part) led to the erroneous conclusion that an employee may not waive claims for *past* violations of the FMLA." Dougherty, 2007 WL 1165068, at *5 [emphasis in original]. Claims, the court said, materialize after a violation of a right. And without the violation of a right, there is no claim. Id. With this simple thesis in mind, the court emphasized that "[b]y electing to waive (or settle) a claim that has accrued, an employee is not waiving any proscriptive or substantive rights under the FMLA." Id. at *6. Thus, "by settling a past FMLA claim, the employee still retains all of her substantive rights and remedies (proscriptive rights) under the FMLA." Id. The Court agrees with this reasoning.

Where an employee waives his or her past claims, that employee does not waive his or her proscriptive rights. Indeed, if an employer violates the FMLA after a settlement (such as denying the employee FMLA leave), the employee still has a remedy under the FMLA to challenge the employer's conduct. A waiver or settlement therefore does not strip the employee of any "rights under the FMLA," for the employee is still equipped to protect itself from an employer's potential violations of the FMLA in the future. Put simply, an employee still retains

7

its rights under the FMLA, notwithstanding a waiver of past claims that may have already arisen. In light of this, the Court sides with the reasoning set forth in Faris and Dougherty and finds that § 825.220(d) does not prohibit waivers of past FMLA claims as part of a settlement or severance agreement. See Hicks v. Murphy Homes, Inc., No. 07 C 121-P-S, 2008 WL 216511, at *1 (D. Me. Jan. 25, 2008) ("…the Court is inclined to say that it would adopt the interpretation of 29 C.F.R. § 825.220(d) found in both Faris and Dougherty").

In support of his position, Butler urges the Court to adopt the Fourth Circuit's reasoning in Taylor II. Respectfully we decline to do so. In Taylor II, after granting a panel rehearing, the court reinstated its prior position that § 825.220(d) barred prospective and retrospective waivers under the FMLA, including the right to bring a claim for a violation of the Act. 493 F.3d at 463. The crux of the majority's reasoning was that the phrase "rights under the FMLA" refers to *all* rights, including a "right of action" or the right to bring a claim. Id. at 461-62. In so finding, the court failed to account for the "elasticity of the term 'right,'" which amplified the need to give deference to the DOL's interpretation. Id. at 464 (Duncun, J., dissenting) (citing Christensen v. Harris County, 529 U.S. 576, 588 (2000) ("Auer deference is warranted…when the language of the regulation is ambiguous.")). But instead of deferring to the agency's interpretation, the court did just the opposite, downplaying the DOL's interpretation because it was inconsistent with the DOL's prior interpretations. We are not persuaded by this reasoning, since there is nothing to support the position that the DOL's interpretative changes somehow lessened the deference that we should give to its present view. Id. at 464 (citing Long Island Care at Home, Ltd. v. Coke, 127 S.Ct. 2339, 2349 ("[A]s long as interpretive changes create no unfair surprise…the change in interpretation alone presents no separate ground for disregarding the Department's present interpretation.")). Indeed, we regard the change as an enlightened view based upon experience,

analysis and expertise in carrying out the DOL's congressional mandate. Upon review of the proposed changes to § 825.220(d), which we discuss more fully below, it becomes clear that the DOL diverges entirely from the Fourth's Circuit's position. Likewise, this Court declines to adopt the Fourth's Circuit's holding here.

The Court acknowledges that its ruling today disagrees with <u>Dierlam v. Wesley Jessen Corp.</u>, 222 F. Supp. 2d 1052 (N.D. Ill. 2002), which is the only other decision from this district that addresses the scope of § 825.220(d). There, with little reasoning, the court found that under the regulation's plain language a waiver of FMLA rights was unenforceable. <u>Id.</u> at 1055-56 (citing <u>Bluitt v. Eval. Co. of Am., Inc.</u>, 3 F. Supp. 2d 761, 763 (S.D. Tex. 1998)). The district court, however, did not consider any appellate decisions on the subject, such as <u>Faris</u> and <u>Taylor</u>, as they were yet to be issued. Since <u>Dierlam</u> came down in 2002, other courts have had the opportunity to examine more thoroughly the issue of waiver in this context. Not only that, but the DOL has since expressed its own interpretation of the regulation and has filed, in many cases, *amicus* briefs that support a position contrary to that in <u>Dierlam</u>. As such, the Court aligns itself with more recent precedent on this issue and, again, finds that under the FMLA's plain language, a waiver of past, retrospective FMLA claims is valid and enforceable.

### 2. *Waivers In Similar Regulatory Contexts*

The Court's position is bolstered by the policy favoring the enforcement of waivers in other labor-related contexts, such as the Age Discrimination in Employment Act ("ADEA") and cases involving claims brought under Title VII. It is well-established that a general release of ADEA and Title VII claims is usually valid and enforceable, so long as it is made knowingly and voluntarily. <u>Lloyd v. Brunswick Corp.</u>, 180 F.3d 893, 895 (7th Cir. 1999) (confirming that "[e]mployees are free to waive their ADEA rights" and that such waivers are enforceable);

Watson v. Mobil Oil Corp., 132 F.3d 37 (7th Cir. 1997) ("It is well established that a plaintiff may waive his claims under Title VII via a settlement agreement.") (citing Glass v. Rock Island Ref. Corp., 788 F.2d 450, 454 (7th Cir. 1986)); Riley v. Am. Family Mut. Ins. Co., 881 F.2d 368, 371 (7th Cir. 1989) ("There is no question that plaintiff may waive her cause of action under Title VII as part of a voluntary settlement provided her consent to the release was voluntary and knowing."). Further, in the Title VII context, public policy actually favors a voluntary settlement of retrospective discrimination claims. See Faris v. Williams WPC-1, Inc., 332 F.3d 316, 321-22 (5th Cir. 2003); see also United States v. City of Hialeah, 140 F.3d 968, 974 (11th Cir. 1998) (citing Carson v. Am. Brands, 450 U.S. 79, 84 (1981) (recognizing the strong public policy favoring voluntary settlement of Title VII cases)).

This is not to say, however, that a release or waiver of claims would apply with equal force to a plaintiff's *prospective* rights or claims under these statutes. See, e.g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 51-52 ("Although presumably an employee may waive his cause of action under Title VII as part of a voluntary settlement,…an employee's rights under Title VII are not susceptible of prospective waiver."). We recognize that prospective claims not yet in existence cannot be waived by signing a general release or waiver. See Kendall v. Watkins, 998 F.2d 848, 851 (10th Cir. 1993) ("In other words, an employee may agree to waive Title VII rights that have accrued, but cannot waive rights that have not yet accrued."); Fair v. Int'l Flavors & Fragrances, 905 F.2d 1114, 1115 (7th Cir. 1990) (noting that "courts should not recognize general releases of claims not known or contemplated by the parties at the time of the release"); Riley, 881 F.2d at 371 n.6 ("prospective waivers are unenforceable"); Goodman v. Epstein, 582 F.2d 388, 402 n.42 (7th Cir. 1978) ("any attempt to release a claim in futuro is invalid."). In this light, the Court has no intention of interpreting the validity of employment-

10

related waivers of claims in that regard. Nevertheless, the Court finds that the policies with respect to waivers employed in Title VII and ADEA contexts rather persuasive.

There is nothing to suggest that the agency intended to proscribe a waiver of retrospective claims for FMLA actions and yet favor the waiver of retrospective claims for ADEA and Title VII violations. The Fifth Circuit recognizes that "[h]ad the Secretary intended such a departure from the policy employed in analogous areas, one would expect the Secretary would have manifested this intent fortrightly." Faris, 332 F.3d at 322. But the Secretary did not do so, either in the regulations or elsewhere. In fact, the DOL advocates just the opposite position, that "section §825.220(d)'s prohibition against only prospective waiver of rights, not the retrospective settlement of claims, is consistent with the established precedent" in related employment law contexts. The Court finds no reason to treat FMLA claims any differently, especially if finding otherwise would vitiate the parties' ability to settle FMLA disputes.

### 3. *The Department of Labor's Reasonable Interpretation of the FMLA*

Finally, although a plain reading of the regulations supports the Court's position, the Court is inclined to give controlling deference to the DOL in this context, as Congress has not spoken directly on the issue of waiver under the FMLA. It has, however, charged the Secretary of Labor to issue such regulations as "necessary to carry out" the statute's provisions. Dougherty v. Teva Pharm., No. 05-2336, 2007 WL 1165068, at *4 (E.D. Pa. Apr. 9, 2007) (citing 29 U.S.C. § 2654). In other words, Congress "has by implication delegated authority to the agency" to promulgate regulations that deal specifically with the waiver issue. United States v. Deaton, 332 F.3d 698, 708 (4th Cir. 2003). Pursuant to that authority, the DOL promulgated detailed regulations under the FMLA and has since proposed various revisions to those regulations,

including § 825.220(d). See The Family and Medical Leave Act of 1993, 73 Fed. Reg. 7901 (proposed Feb. 11, 2008) (to be codified at 29 C.F.R. pt. 825).

In relevant part the notice proposes to clarify the language in § 825.220(d) in light of the comments that the DOL received and due to the Fourth Circuit's decision in Taylor. Id. Specifically, the proposal states that the DOL disagrees with the Fourth Circuit's reading of the regulations and that the proposed changes would "make explicit in paragraph (d) that employees and employers should be permitted to voluntarily agree to the settlement of past claims without having to first obtain the permission or approval of the Department or a court." See id. The notice further emphasized that § 825.220(d) "was intended to apply only to a waiver of prospective rights" and that "[t]he Department does not believe this is a change in the law as it has never been the Department's practice, since the enactment of the FMLA, to supervise such voluntary settlements." Id. The comment period on the proposed regulations has closed as of April 11, 2008 and the final regulations have not been issued.

According to the proposed changes, it is clear that the regulation was never designed to restrict the retrospective settlement of FMLA claims. Rather, the DOL has consistently interpreted § 825.220(d) to bar only the prospective waiver of FMLA rights and not the settlement of FMLA claims. The Court is obliged to defer to the agency's interpretation, seeing that its interpretation is a reasonable one. Barnhard v. Walton, 535 U.S. 212, 217 (2002) ("Courts grant an agency's interpretation of its own regulations considerable legal leeway); United States v. Mead Corp., 533 U.S. 218, 229 (2001) (considering whether an agency's interpretation is permissible and stating that "a reviewing court…is obliged to accept the agency's position if Congress has not previously spoken to the point at issue and the agency's interpretation is reasonable"); Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S.

837, 844 (1984) (noting that an agency's interpretation must be upheld unless it is "arbitrary, capricious, or manifestly contrary to the statute"). The Court will not, in this instance, disturb the DOL's reasonable interpretation of the FMLA and its accompanying regulations.

### III. CONCLUSION

For the reasons stated above, the Court finds that the parties' waiver and release of Plaintiff James Butler's past FMLA claims is valid and enforceable, and therefore the Defendant Merrill Lynch Business Financial Services, Inc.'s motion, in the alternative, for summary judgment against Plaintiff James Butler is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES R. NORGLE, Judge
United States District Court

DATED: 8-14-08